WISCONSIN JUDICIAL COMMISSION

v.

David T. PROSSER, Jr.

Supreme Court

*No. 2012AP566-J. Wednesday, June 27, 2012.*

2012 WI 69

(Also reported in 817 N.W.2d 830.)

657

**To:**

James C. Alexander
Judicial Commission
110 East Main Street,
Ste. 700
Madison, WI 53703

Franklyn M. Gimbel, Esq.
330 East Kilbourn Ave.
Ste. 1170
Milwaukee, WI 53202

Hon. David T. Prosser
Wisconsin Supreme Court
P.O. Box 1688
Madison, WI 53701–1688

Hon. Richard S. Brown
Chief Judge,
Court of Appeals-Dist. II
2727 N. Grandview Blvd.,
Ste. 300
Waukesha, WI 53188–1672

Kevin P. Reak & Gregg J. Gunta
Gunta & Reak, S.C.
9898 West Bluemound Rd,
Ste. 2
Wauwatosa, WI 53226

You are hereby notified of the following order:

Before N. Patrick Crooks, J.

I have given careful consideration to Justice David T. Prosser's motion for my recusal from participation in the judicial disciplinary proceedings against him, Case No. 2012AP566–J. Initially, I concluded that this recusal motion was premature because the judicial discipline statutes, Wis. Stat. § 757.81 through § 757.99 (2009–10), do not require this court to act at this stage

in the proceedings. Nevertheless, I have decided that I now want to issue my decision on Justice Prosser's recusal motion.

I conclude that the legal rule known as the "Rule of Necessity," as well as the duty to sit on cases, requires me to remain on this case. After considering all of the arguments raised by Justice Prosser's recusal motion, I further conclude that Wis. Stat. § 757.19(2)(b) and (g), and SCR 60.04(4) do not require me to recuse in this matter.

The Wisconsin Judicial Commission filed the complaint against Justice Prosser in this court pursuant to Wis. Stat. § 757.85(5) and did not request a jury. At this point, the statutes direct the chief judge of the court of appeals to select a judicial conduct panel. Wis. Stat. § 757.87(1), (3) (providing that "[t]he chief judge of the court of appeals shall select the judges and designate which shall be presiding judge"). Despite the statute's requirement, no panel has been selected. The Judicial Commission has now filed a motion titled "motion for designation to panel." (Capitalization omitted.) It asks this court to initiate the selection of a three-judge panel and to designate this matter to such a panel to make findings of fact, conclusions of law and a recommendation regarding the appropriate discipline in response to the complaint.

The complaint against Justice Prosser appears to allege ethical violations based on two incidents: (1) that Justice Prosser put his hands around the neck of Justice Ann Walsh Bradley on June 13, 2011, in Justice Bradley's chambers, and (2) a prior incident in which Justice Prosser said to Chief Justice Shirley S. Abrahamson after a closed conference, "You are a total bitch." I was not present during the first incident. I was present during the second. The complaint is against a member

of the court, and both incidents directly involved other members of the court. Justice Prosser has requested by letter that Justice Roggensack, Justice Ziegler and Justice Gableman recuse themselves and has filed motions for recusal against Chief Justice Abrahamson and Justice Bradley. Justice Roggensack has decided to recuse herself in this matter. If I were to grant Justice Prosser's motion for recusal, it is possible that this court would lack a quorum to act on the judicial disciplinary proceedings against Justice Prosser. Wis. Const. art. VII, § 4(1) ("Any 4 justices shall constitute a quorum for the conduct of the court's business.").[1]

This matter—involving discipline of a sitting Supreme Court justice arising from incidents with sitting justices that were witnessed by other sitting justices— places this court in a difficult position. It is the only available tribunal to make a final determination regarding appropriate discipline. *See* Wis. Stat. § 757.91. This situation is precisely the reason for the Rule of Necessity: to provide a forum where no other would be available.

---

[1] Justice Prosser himself was upset by the results caused by the dismissal of the petition for review in *DeBraska v. Quad Graphics, Inc.*, No. 2007AP2931, unpublished order (Wis. Sup. Ct. Dec. 15, 2009) (Prosser, J., concurring), where this court lacked a quorum to hear the case due to the recusal of four justices:

> The results that flow from these recusals are troubling. First, DeBraska is deprived of any possibility of review by the supreme court . . . because the court would lack a quorum. Wis. Const. art. VII, § 4. Second, by their recusals, four members of the court have deprived the other three members of the ability to exercise their constitutional responsibilities. In other words, four members of the court have not only deprived a litigant of the opportunity to be heard, but also deprived three justices of the opportunity to hear the litigant.

The United States Supreme Court, faced with possible disqualification of every United States judge, including all United States Supreme Court Justices, reaffirmed that "the ancient Rule of Necessity prevails over the disqualification standards of" the federal statute. *United States v. Will*, 449 U.S. 200, 212 (1980). The Court explained, "It was precisely considerations of this kind that gave rise to the Rule of Necessity, a well-settled principle at common law that, as Pollack put it, 'although a judge had better not, if it can be avoided, take part in the decision of a case in which he has any personal interest, yet he not only may but *must do so* if the case cannot be heard otherwise.'" *Id.* at 213 (quoting F. Pollack, A First Book of Jurisprudence 270 (6th ed. 1929)) (emphasis added). The Rule of Necessity applies with particular force where all judges are arguably disqualified. The United States Supreme Court's discussion of the Rule of Necessity has been concisely summarized as follows: "where all are disqualified, none are disqualified." *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976) (quoting the district court).[2]

This court has invoked the Rule of Necessity in the past where disqualification would have prevented a decision on the matter. *See e.g.*, *State ex rel. Cook v. Houser*, 122 Wis. 534, 100 N.W. 964 (1904); *State ex rel. Wickham v. Nygaard*, 159 Wis. 396, 150 N.W. 513

---

[2] Among the facts stated as grounds for recusal in the motion that I recuse is the fact that I "participated in a closed meeting of the Court on June 15, 2011, and later gave an extensive statement about the events surrounding the incident to the Dane County Sheriff's Department." Respondent's Mot. to Recuse Justice N. Patrick Crooks at 4. All members of the court participated in that closed meeting, and all members of the court gave such statements to the Dane County Sheriff's Department.

(1915); *Wis. Retired Teachers Ass'n, Inc. v. Emp. Trust Funds Bd.*, 207 Wis. 2d 1, 558 N.W.2d 83 (1997). While this court did not explicitly discuss the Rule of Necessity in deciding *Wisconsin Retired Teachers Association*—a case involving the Wisconsin Retirement System, which is a pension fund to which all Wisconsin supreme court justices are members—our reliance on the Rule of Necessity is implicit in the fact that every justice participated in that case. 207 Wis. 2d 1. Other state supreme courts have also applied the Rule of Necessity to allow a case to be heard that would otherwise be thwarted by the justices' disqualification. *See e.g., Citizens Protecting Michigan's Constitution v. Sec'y of State*, 755 N.W.2d 147 (Mich. 2008) ("Thus, the dispositive question in this case is not merely the propriety of our *own* participation, but whether any justice of this Court can participate. . . . Under such circumstances, pursuant to the 'Rule of Necessity,' every justice would have a legal obligation to participate in order that judicial review is not precluded altogether."); *In re Coruzzi*, 472 A.2d 546, 554 (N.J. 1984) (concluding that in a judicial removal proceeding provided by statute that "even if grounds existed for disqualification of the entire Court, the rule of necessity would nevertheless require that the entire Court hear the matter").

Federal courts of appeal have also repeatedly applied the Rule of Necessity where disqualification would deprive the parties of a forum for their dispute. *See e.g., Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1164–65 (9th Cir. 2006) ("Thus, an underlying legal maxim for the rule of necessity is that 'where all are disqualified, none are disqualified.' This maxim applies here." (citations omitted)); *Brinkley v. Hassig*, 83 F.2d 351, 357 (10th Cir. 1936). In *Brinkley*,

one of the parties sought disqualification of all members of the tribunal that was required to decide whether to revoke a doctor's license—the only tribunal that was authorized by the statute to make such a determination. The Tenth Circuit concluded that disqualification was not appropriate under these circumstances:

> The statute provides but one tribunal with power to revoke a doctor's license, just as the Supreme Court of Kansas is the only body with power to disbar a lawyer. If such powers may not be exercised if the members of the board or court are prejudiced, then any lawyer or doctor who commits an offense so grave that it shocks every right-thinking persons has an irrevocable license to practice his profession if he can get the news of his offense to the court or board before the trial begins. That will not do. The commendable efforts of the medical and legal professions to raise the standards of their professions by cleaning their own houses cannot be set at naught by any such rule of law.
>
> *From the very necessity of the case has grown the rule that disqualification will not be permitted to destroy the only tribunal with power in the premises.* If the law provides for a substitution of personnel on a board or court, or if another tribunal exists to which resort may be had, a disqualified member may not act. But where no such provision is made, *the law cannot be nullified or the doors to justice barred because of prejudice or disqualification of a member of a court or an administrative tribunal.*

83 F.2d at 357 (emphasis added) (internal citations omitted).

The American Bar Association's Model Code of Judicial Conduct also recognizes that "[t]he rule of necessity may override the rule of disqualification." American Bar Association, *Model Code of Judicial Conduct* R. 2.11 cmt. 3 (2011).

664

I also take very seriously my duty to sit in cases. As Chief Justice William Rehnquist of the United States Supreme Court wrote, "Those federal courts of appeals which have considered the matter have unanimously concluded that a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972). He added that "the policy in favor of the 'equal duty' concept is even stronger" where there is no opportunity to substitute for the disqualified judge and where it would result in the issue presented by the case being "left unsettled." *Id.* at 837–38.

Given this court's critical role in judicial discipline proceedings as the only forum available to make a final determination and the involvement or recusal of at least three other justices on this court, I view my decision on Justice Prosser's motion for recusal in light of the Rule of Necessity and my duty to sit in cases.

■

Justice Prosser asserts that I am disqualified pursuant to Wis. Stat. § 757.19(2)(b) and (g), and SCR 60.04(4) of the Wisconsin Code of Judicial Conduct. I have carefully considered all of the arguments raised by Justice Prosser in his recusal motion. As required by Wis. Stat. § 757.19(2)(g), I have made a subjective determination that I can act impartially in this matter. *See State v. Am. TV and Appliance of Madison, Inc.*, 151 Wis. 2d 175, 182–83, 443 N.W.2d 662 (1989). I believe that I could be fair in judging the allegations against Justice Prosser and would act in an impartial manner.

■

I have also determined I am not disqualified from participating under the objective standard in SCR 60.04(4). In regard to the first incident, I am confident that a reasonable person could not question my ability

to be impartial in this matter. I was not present during the incident between Justices Prosser and Bradley. I am not, under such circumstances, a material witness under Wis. Stat. § 757.19(2)(b). While I have heard different versions of what transpired during this incident, I have not heard anyone testify under oath about what took place. Therefore, I believe that I could hear the allegations pertaining to the first incident under the objective standard of SCR 60.04(4). Under the objective standard, I conclude that it appears that I can act in an impartial manner.

■

In regard to the second incident, I also believe that a reasonable person would not question my ability to act as an impartial adjudicator. While I was present after the closed conference when Justice Prosser made this statement to the Chief Justice, I have not heard any explanation by Justice Prosser as to why he made that statement. In his answer to the complaint he admitted that he made the statement. I am not, under such circumstances, a material witness under Wis. Stat. § 757.19(2)(b). Additionally, I have not heard any testimony under oath about this incident. I recognize that the second incident might raise more concerns than the first from an objective observer about my ability to remain impartial, but I am confident that my presence when this statement was made would not affect my ability to decide the matter fairly and impartially.

■

This conclusion is supported by the presumption that a judge, "in fidelity to his oath of office, will try each case on its merits." *Milburn v. State*, 50 Wis. 2d 53, 62, 183 N.W.2d 70 (1971); *see also Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (noting the "presumption of honesty and integrity in those serving as adjudicators").

Additionally, to the extent that there is any doubt about whether a reasonable person would question my ability to remain impartial, the Rule of Necessity controls my decision not to recuse myself in this matter.

IT IS ORDERED that the motion for recusal is hereby denied.

Diane M. Fremgen
Clerk of Supreme Court